1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT MARTINEZ,                          No.  1:16-cv-01730-DAD-SKO

12                    Plaintiff,

13          v.                                  ORDER DENYING DEFENDANT'S
                                                MOTION FOR CHANGE OF VENUE
14   KNIGHT TRANSPORTATION, INC., a
     corporation, dba ARIZONA KNIGHT            (Doc. No. 8)
15   TRANSPORTATION, INC.

16                    Defendant.

17

18          This action came before the court on May 2, 2017, for hearing of a motion to change

19   venue filed by defendant Knight Transportation, Inc.  (Doc. No. 8.)  Attorney Craig Ackermann

20   appeared telephonically on behalf of plaintiff Robert Martinez.  Attorneys Richard Rahm

21   appeared on behalf of defendant Knight Transportation, Inc.  Oral argument was heard and the

22   motion was taken under submission.  For the reasons discussed below, the court will deny

23   defendant's motion to change venue.

24                            **FACTUAL BACKGROUND**

25          On September 30, 2016, plaintiff Robert Martinez filed a class action complaint in Tulare

26   County Superior Court against defendant Knight Transportation, Inc., d/b/a Arizona Knight

27   Transportation, Inc. ("Knight").  (Doc. No. 2-1 at 8.)  On November 14, 2016, defendant removed

28   the action to this federal court based on diversity of citizenship jurisdiction.  (Doc. No. 2.)

                                            1

1    Plaintiff's complaint alleges the following seven claims against defendant Knight:

2    (i) failure to provide meal breaks in violation of California Labor Code § 226; (ii) failure to

3    separately pay for non-productive work and rest breaks in violation of Labor Code § 1194;

4    (iii) failure to pay missed rest break premiums under Labor Code § 226.7; (iv) failure to provide

5    accurate wage statements under Labor Code § 226; (v) failure to pay wages due at termination

6    under Labor Code §§ 201–203; (vi) unfair business practices under the California Business and

7    Professionals Code § 17200; and (vii) a claim for civil penalties under the Private Attorneys'

8    General Act of 2004 ("PAGA"), Labor Code § 2699, et seq.  (Doc. No. 2-1 at 8.)

9    The complaint alleges the following.  Defendant Knight is a publicly-traded corporation

10   that provides trucking services throughout the United States.  (Doc. No. 2-1 at 12, ¶ 14.)

11   Defendant Knight is headquartered in Arizona and maintains service centers nation-wide,

12   including in California and Nevada.  (*Id.* at 11–12, ¶¶ 4, 13–14.)  Plaintiff Martinez is a Nevada

13   resident who was employed by defendant as a truck driver and assigned to a Nevada service

14   center.  (*Id.* at 12, ¶ 13.)

15   Plaintiff worked for defendant Knight from September 2015 through March 2016.  (*Id.* at

16   12, ¶ 13.)  During that time, plaintiff and similarly situated employees were not provided with

17   off-duty meal breaks; authorized or permitted to take off-duty rest breaks; paid premium pay for

18   missed meal and rest breaks; or paid separate and hourly wages for non-driving work tasks, and

19   for rest breaks taken while driving routes in California.  (*Id.* at 12, ¶ 13.)  Plaintiff and similarly

20   situated employees also did not receive all wages due to them upon separation from employment.

21   (*Id.*)

22   Plaintiff has proposed the following class: "All current and former truck drivers employed

23   by Defendant Knight Transportation, Inc. and who drove one or more routes of five hours or

24   more within California for Defendant during either the Non-California Resident Class Period (for

25   Non-California residents) or during the California Class Period (for California residents)."  (*Id.* at

26   15, ¶ 27.)  The California resident Class Period runs from August 7, 2015, through the date of

27   trial, and the non-California resident Class Period runs from four years prior to the date of the

28   filing of this complaint through the present.  (*Id.* at 9, ¶ 1.)

1      On March 21, 2017, defendant Knight filed a motion to change venue, seeking transfer of

2 this action to the District of Arizona pursuant to 28 U.S.C. § 1404(a).  (Doc. No. 8.)  Plaintiff

3 filed an opposition on April 4, 2017.  (Doc. No. 9.)  Defendant filed a reply on April 25, 2017.

4 (Doc. No. 13.)  At the May 2, 2017 hearing, the court directed the parties to file additional

5 briefing clarifying their positions as to the impact of a recent class action settlement in a separate

6 litigation involving defendant upon resolution of the pending motion.  (Doc. No. 15.)  Plaintiff

7 filed his supplemental brief on May 8, 2017, (Doc. No. 17), and defendant filed its brief on May

8 12, 2017, (Doc. No. 18).

9 **LEGAL STANDARD**

10      Under 28 U.S.C. § 1404(a), a court may transfer a case to another district where it might

11 have been brought.[1]  "Section 1404(a) provides for transfer to a more convenient forum, not to a

12 forum likely to prove equally convenient or inconvenient."  *Mainstay Bus. Sols. v. Indus. Staffing*

13 *Servs.*, No. CIV S–10–3344 KJM GGH, 2012 WL 44643, at *1 (E.D. Cal. Jan 9, 2012) (citing

14 *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964)).

15      A court considering a motion to transfer venue must determine whether venue is proper in

16 this district; whether plaintiff could have brought the action in the transferee district; and whether

17 the transfer will promote convenience and fairness.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S.

18 22, 29 (1988); *Hoffman v. Bilaski*, 363 U.S. 335, 343–44 (1960); *Costco Wholesale Corp. v.*

19 *Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1189–90 (S.D. Cal. 2007).  "Section 1404(a) is

20 intended to place discretion in the district court to adjudicate motions for transfer according to an

21 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc.*,

22 487 U.S. at 29 (quoting *Van Dusen*, 376 U.S. at 622).

23 /////

24 _____

25 [1]  The passage of 28 U.S.C. § 1404 partially displaced the common law doctrine of *forum non-*
*conveniens*, which established generally that a court may resist imposition upon its jurisdiction

26 even when jurisdiction is authorized by the letter of a general venue statute.  *Canada Maltin Co.,*
*Ltd. v. Paterson Steamships, Ltd.*, 285 U.S. 413, 422–23 (1932); *see also Ravelo Monegro v.*

27 *Rosa*, 211 F.3d 509, 512–13 (9th Cir. 2000).  The common law doctrine continues to apply in
situations where the action should have been brought abroad instead of the United States.  *See*

28 *Ravelo Monegro v. Rosa*, 211 F.3d at 512–13.

3

1    In evaluating whether transfer will promote convenience and fairness, "the court should

2    consider private and public interest factors." *Decker Coal Co. v. Commonwealth Edison Co.*, 805

3    F.2d 834, 843 (9th Cir. 1986). Private interest factors include: (i) the location where the relevant

4    agreements were negotiated and executed, (ii) the plaintiff's choice of venue, (iii) the venue's

5    familiarity with the governing law, (iv) the contacts relating to the plaintiff's cause of action in

6    the chosen venue, (v) the differences in the costs of litigation in the two venues, (vi) the

7    availability of compulsory process to compel attendance of unwilling non-party witnesses, and

8    (vii) the ease of access to sources of proof. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495,

9    498–99 (9th Cir. 2000); *see also Decker Coal Co.*, 805 F.2d at 843. Public factors include the

10   relative degree of court congestion and the local interest in having localized controversies decided

11   at home. *See Piper Aircraft v. Reyno*, 454 U.S. 235, 255 (1981); *Decker Coal Co.*, 805 F.2d at

12   843; *see also Leetsch v. Freedman*, 260 F.3d 1100, 1105 (9th Cir. 2001).

13   "No single factor is dispositive and a district court has broad discretion to adjudicate

14   motions for transfer on a case-by-case basis." *Burgess v. HP, Inc.*, No. 16-CV-04784-LHK, 2017

15   WL 467845, at *5 (N.D. Cal. Feb. 3, 2017) (citing *Stewart Org.*, 487 U.S. at 29 and *Sparling v.*

16   *Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988)). Ultimately, the party moving for a

17   transfer of venue has the burden of establishing that transfer is appropriate. *Decker Coal Co.*, 805

18   F.2d at 843; *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1980);

19   *Johnson v. Walmart Stores*, No. CIV. 2:10–997 WBS EFB, 2010 WL 2902386, at *2 (E.D. Cal.

20   July 22, 2010).

21                                                **ANALYSIS**

22   Here, defendant Knight moves to transfer this action to the District of Arizona on the basis

23   that plaintiff could have brought the action in Arizona, and that transfer will promote convenience

24   and fairness. (Doc. No. 8-1 at 12.) In his opposition to the pending motion, plaintiff disputes

25   only the convenience and fairness of the transfer sought by defendant. (Doc. No. 9 at 10.) The

26   court will therefore focus its analysis on this issue. *See, e.g.*, *Williams v. WinCo Foods, LLC*, No.

27   2:12–cv–02690–KJM–EFB, 2013 WL 211246, at *3 (E.D. Cal. Jan. 10, 2013).

28   /////

**A.    Private Factors**

1.  <u>Familiarity with Governing Law</u>

"There is an appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."  *Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964); *see also Moore v. C.R. England, Inc.*, No. 09–1841 SC, 2009 WL 3458303, at *3 (N.D. Cal. Oct. 23, 2009).

Defendant argues that the "venue's familiarity with the applicable law" factor does not weigh against transferring this action to the District of Arizona because it is unclear whether putative class members have sufficient contacts with California to warrant application of California law and because, in any event, the District of Arizona is capable of properly applying California law if necessary.  (Doc. No. 8-1 at 18–19.)  Plaintiff argues that California law is applicable to the putative class claims and that this factor therefore disfavors transfer.  (Doc. No. 9 at 23–25.)

Plaintiff's complaint brings all seven of its claims under California law.  Without reaching the substantive question of whether California law would apply to putative class members who are not residents of California, the court finds persuasive the argument that California district courts are more familiar with the state law governing plaintiff's claims.  *See Hendricks v StarKist Co.*, No.: 13–cv–729 YGR, 2014 WL 1245880, at *5 (N.D. Cal. Mar. 25, 2014) (finding merit in plaintiff's argument concerning the familiarity of California district courts with California law notwithstanding defendant's arguments that California law did not apply to putative class members outside the alleged California subclass); *Davis v. Social Serv. Coordinators, Inc.*, No. 1:10–cv–02372–LJO–SKO, 2013 WL 4483067, at *9 (E.D. Cal. Aug. 19, 2013).  At the same time, it has been recognized that "courts in all states are fully capable of applying another state's substantive law."  *Davis*, 2013 WL 4483067, at *9; *see also Foster v. Nationwide Mut. Ins. Co.*, No. 07–4928, 2007 WL 4410408, at *6 (N.D. Cal. Dec. 14, 2007).  This factor thus weighs only slightly against transfer of this action to the District of Arizona.

/////

5

1          2.  Plaintiff's Choice of Venue

2          In general, courts considering motions for change of venue give significant deference to a

3    plaintiff's choice of forum.  *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *see also*

4    *Byler v. Deluxe Corp.*, No.: 16cv493 AJB (JLB), 2016 WL 8669404, at *13–14 (S.D. Cal. Aug.

5    18, 2016).  However, "when an individual brings a derivative suit or represents a class, the named

6    plaintiff's choice of forum is given less weight." *Lou*, 834 F.2d at 739; *see also Hawkins v.*

7    *Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214–15 (S.D. Cal. 2013) ("[T]he reduced weight on

8    plaintiff's choice of forum in class actions serves as a guard against the dangers of forum

9    shopping, especially when a representative plaintiff does not reside within the district.").  In such

10   circumstances, the amount of weight to be accorded to plaintiff's choice of forum depends on the

11   extent of the parties' contacts with the chosen venue.  *See Pac. Car & Foundry Co. v. Pence*, 403

12   F.2d 49, 954 (9th Cir. 1968).

13          When evaluating the extent of the parties' contacts with the chosen venue, courts consider

14   a number of factors including: (i) whether plaintiff and class members reside in the district;

15   (ii) whether plaintiff's claims arise within the district; and (iii) whether plaintiff's claims are

16   based on the state law of the chosen district.  *See Shultz v. Hyatt Vacation Mktg. Corp.*, No. 10–

17   CV–04568–LHK, 2011 WL 768735, at *3 (N.D. Cal. Feb. 28, 2011) (finding that deference to

18   plaintiff's venue choice was "somewhat tempered" given that plaintiff brought claims on behalf

19   of a nationwide class, but nonetheless denying transfer because plaintiff's claims arose within the

20   district, plaintiff lived in the district, and the claims were brought under California law); *Holliday*

21   *v. Lifestyle Lift, Inc.*, No. C 09–4995 RS, 2010 WL 3910143, at *6 (N.D. Cal. Oct. 5, 2010)

22   (affording "some weight" to plaintiff's choice of venue in a wage and hour action under the

23   FLSA and California law because plaintiff resided and worked in the district); *Evancho v. Sanofi–*

24   *Aventis U.S. Inc.*, No. C 07–00098 SI, 2007 WL 1302985, at *2 (N.D. Cal. May 3, 2007)

25   (affording "some deference" to plaintiff's choice of venue in a wage and hour action under the

26   FLSA and California law because plaintiffs resided in the district and performed much of their

27   work for defendant in the district); *see also In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1080 (S.D.

28   Cal. 2011) (explaining that the court does not consider "whether those contacts [with the venue]

1    are unique or whether the parties have contacts with other forums").

2          In the motion pending before the court, defendant argues that plaintiff's choice of forum

3    should be given little weight because he brings this action in a representative capacity and does

4    not reside in California.[2]  (Doc. No. 8-1 at 10, 12–15.)  Defendant also argues that no California

5    residents remain in the putative class.  (Doc. Nos. 8-1 at 10; 18 at 1–6.)  In this regard, defendant

6    argues that it recently settled a class action brought by former and current California resident

7    drivers employed by it from August 2015 to May 1, 2017 (the "*Quist*" action),[3] which involved

8    claims identical to those raised in plaintiff's complaint.  (*Id.*)  Defendant explains that the San

9    Bernardino Superior Court preliminarily approved the class action settlement on May 1, 2017,

10   and set a final approval hearing in that case for August 28, 2017.  (Doc. No. 18 at 4.)  In support

11   of these arguments, defendant provides declarations from James Hart and Richard H. Rahm,

12   attorneys representing defendant in *Quist*.  (Doc. No. 8-3 at 2, ¶ 2; 18-1 at 2, ¶ 1.)

13         In opposition, plaintiff argues that his choice of forum should carry weight

14   notwithstanding the fact that he seeks to represent a nationwide class, because the parties have

15   significant contacts with California.  (Doc. No. 9 at 30–31.)  In this regard, plaintiff asserts that

16   the claims in his complaint are based on work that employees performed in California.  (Doc. No.

17   9 at 13–14.)  Plaintiff also argues that defendant Knight regularly conducts business in this state;

18   requires work to be performed exclusively in California; maintains service centers, secure drop

19   yards, and a large warehouse facility in California; and has previously litigated other employment

20

21   _____

     [2]  Defendant also argues that the parties have a greater number of contacts with Arizona,
22   contending that it has its headquarters, principal place of business, and corporate records in
     Phoenix; is currently defending against other class actions involving similar issues in Arizona;
23   and that plaintiff himself resides closer to the Arizona venue.  (*Id.*)  However, in considering the
     parties' contacts with the California venue, the court does not consider "whether those contacts
24   are unique or whether the parties have contacts with other forums."  *In re Ferrero Litig.*, 768 F.
     Supp. 2d 1074, 1080 (S.D. Cal. 2011); *see also Hendricks*, 2014 WL 1245880, at *4.

25   [3]  Defendant explains that the class definition in the *Quist* action included "All current and former
26   California resident drivers employed by Knight Transportation, Inc. and Knight Port Servicers,
     LLC between August 7, 2015 to May 1, 2017."  (Doc. No. 18 at 2–3.)  A noted above, the class
27   definition asserted in the instant action comprises "All current and former California resident
     drivers employed by Knight Transportation, Inc. from August 7, 2015 to present, who drove one
28   or more route(s) of five hours or more in California."  (Doc. No. 2-1 at 15, ¶ 27.)

1    matters in California.  (*Id.*)  Plaintiff attaches to his opposition to the pending motion screenshots

2    of the defendant's website, which describes its facilities in Tulare, Los Angeles, Fontana, Long

3    Beach, Oakland, Oxnard, San Diego, and Rancho Dominguez.  (Doc. No. 9-1 at 2, ¶ 3–4.)

4         Additionally, plaintiff argues that the proposed settlement in the *Quist* case will not

5    eliminate all California residents from this action.  (Doc. Nos. 9 at 28–29; 17 at 2–3.)  Plaintiff

6    emphasizes that the proposed settlement in the *Quist* case has not received final approval, and

7    will only bind class members who do not opt out.   Additionally, plaintiff argues that to the

8    extent that a final settlement in *Quist* may bar plaintiff from proceeding on certain claims in this

9    action, such merits-based questions are not appropriate for consideration at this stage of the

10   litigation.  (Doc. No. 17 at 2–3.)

11        Here, plaintiff chose to litigate this class action within the boundaries of this district, and

12   expresses a preference for continuing litigation here.  (Doc. Nos. 2-1 at 8; 9.)  Plaintiff's

13   complaint also alleges claims under California state law based on conduct that allegedly occurred

14   within California.  (*Id.*)  Finally, in his opposition, plaintiff provides evidence that defendant

15   maintains facilities in California and requires employees to conduct some amount of their work

16   within the state.  (Doc. No. 9 at 12, ¶ 14.)  The court thus concludes that plaintiff's choice of

17   forum is entitled to some deference despite the fact that he brings this action in a representative

18   capacity.  *See Lou*, 834 F.2d at 739; *Williams*, 2013 WL 211246, at *3.

19        The court must also consider whether the existence of the proposed settlement in the

20   *Quist* case weighs against transferring this case out of this district.  As explained by defendant in

21   its supplemental filing, the *Quist* settlement involves claims identical to those brought by plaintiff

22   in the instant action, and has been preliminarily approved by the San Bernardino Superior Court.

23   However, that settlement has not yet received final court approval.  As such, the settlement does

24   not yet preclude any of the claims brought by plaintiff in this action.  Moreover, the extent to

25   which defendant may be able to invoke the *Quist* settlement in the future to defend against

26   plaintiff's claims cannot be determined without engaging in some degree of speculation.  *See*

27   *Furnace v. Giurbino*, 838 F.3d 1019, 1023–24 (9th Cir. 2016) ("[C]laim preclusion arises if a

28   second suit involves: (1) the same cause of action (2) between the same parties [or parties in

8

1    privity with them] (3) after a final judgment on the merits in the first suit.").

2          In light of the fact that plaintiff chose to litigate this action in California, and considering

3    the lack of clarity as to precisely how the *Quist* settlement will impact the instant action, the court

4    ultimately finds that consideration of this factor weighs slightly against transfer.  *Cf. Doornbros v.*

5    *Pilot Travel Centers LLC*, No. 04CV00044 BEN (BLM), 2005 WL 6167730, at *3 (S.D. Cal.

6    Aug. 16, 2005) (granting defendant's motion to transfer the action to Tennessee when a

7    settlement agreement resolving plaintiff's California claims had received final court approval,

8    defendant's headquarters and the majority of class members were located in Tennessee).

9               3.   Convenience to Witnesses

10         The convenience of witnesses is often the most important factor in resolving a motion to

11   transfer venue.  *Moore*, 2009 WL 3458303, at *3 (citing *Bunker v. Union Pac. R.R. Co.*, No. 05–

12   4059, 2006 WL 193856, at *2 (N.D. Cal. Jan. 23, 2006)); *see also Denver & R.G.W.R. Co. v.*

13   *Bhd. of R.R. Trainmen*, 387 U.S. 556, 560 (1967) ("Venue is primarily a matter of convenience of

14   litigants and witnesses.").  "To demonstrate inconvenience to witnesses, the moving party should

15   produce information regarding the identity and location of the witnesses, the content of their

16   testimony, and why such testimony is relevant to the action."  *Williams*, 2013 WL 211246, at *4;

17   *see also Gates Learjet Corp. v. Jensen*, 743 F. 2d 1325, 1335 (9th Cir. 1984) (explaining that

18   courts should "examine[] the materiality and importance of the anticipated witnesses' testimony"

19   when evaluating competing arguments of witness inconvenience).  However, courts place reduced

20   importance on the "convenience to witnesses" factor when considering whether to transfer venue

21   for a class action that has not yet been certified.  *See Luchini v. CarMax, Inc.*, No. 1:12cv0417

22   LJO DLB, 2012 WL 2401530, at *4 (E.D. Cal. June 25, 2012) ("The nationwide class has not yet

23   been certified and basing a convenience determination on unnamed plaintiffs in unknown

24   locations, who may or may not participate, is speculative, at best."); *see also Shultz*, 2011 WL

25   768735, *7; *Holliday*, 2010 WL 3910143, at *7.

26         In considering whether a venue is convenient to witnesses, the court may also consider the

27   availability of compulsory process to compel attendance of witnesses. *Jones*, 211 F.3d at 498–99;

28   *Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 WL 6982571, at *10 (N.D. Cal. Dec. 9,

1   2014).  In this regard, the court's power to subpoena unwilling witnesses is limited by Federal

2   Civil Procedure Rule 45, which provides that a court can command a person to attend trial,

3   hearing, or deposition, within 100 miles of where the person resides, is employed, or regularly

4   transacts business; or, in the case of a party or its employees, within the state where these

5   conditions are present.  *See* Fed. R. Civ. P. 45(c); *see also Garlough v. Trader Joe's Co.*, No. 15–

6   cv–01278–THE, 2015 WL 4638340, at *5–6 (N.D. Cal. Aug. 4, 2015) (noting that the exact

7   boundaries of a court's subpoena power under Rule 45 "have not yet been thoroughly addressed

8   by other courts").

9          Defendant argues that the District of Arizona would be more convenient for the witnesses

10  in this action because defendant's corporate headquarters are located in that district, and the

11  majority of potential witnesses in the action also reside within that district.  (Doc. No. 8-1 at 15–

12  17.)  Defendant specifically identifies the following witnesses:  (i) Kevin Quast, defendant's

13  COO, who works in Arizona and could testify about defendant's policies concerning rest breaks,

14  meal breaks, and wage-related issues; (ii) Lucas Smith, plaintiff's Driver Manager, who resides in

15  Arizona and could provide information about plaintiff's driving history; and (iii) employees of

16  defendant responsible for maintaining Knight's electronic document management system, all of

17  whom reside in Arizona, and could speak to defendant's custom and practice in maintaining these

18  records.  (*Id.* at 16.)  In support of these arguments, defendant provides the declaration of Mr.

19  Quast.  (Doc. No. 8-2.)

20         Plaintiff argues that defendant has not provided evidence of witness inconvenience

21  sufficient to disturb plaintiff's choice of forum.  (Doc. No. 9 at 18.)  Plaintiff also contends that

22  defendant's arguments are unpersuasive because defendant can compel its witness-employees to

23  testify at trial.  (*Id.* at 18–19.)  Finally, plaintiff argues that transfer of this action to the District of

24  Arizona would be inconvenient for the employees of defendant who reside in California, and who

25  the plaintiff intends to call as witnesses.  (*Id.* at 20–21.)

26         Here, both parties argue that their respective choice of venue would be more convenient

27  for witnesses.  As such, the court must examine "the materiality and importance of the anticipated

28  witnesses' testimony" to determine whether this factor favors transfer.  *Gates Learjet Corp. v.*

1  *Jensen*, 743 F. 2d 1325, 1335 (9th Cir. 1984).

2      In its motion to transfer, defendant provides some evidence indicating that the Eastern

3  District of California would not be convenient for a number of its employee witnesses.  However,

4  the convenience of these witnesses is entitled to reduced weight given defendant's ability to

5  compel its employees to testify at trial.  *See Skyriver Tech. Sols., LLC v. OCLC Online Comput.*

6  *Library Ctr., Inc.*, No. C 10-03305 JSW, 2010 WL 4366127, at *3 (N.D. Cal. Oct. 28, 2010)

7  (indicating that the convenience of a litigant employee's witnesses is "entitled to little weight

8  because litigants are able to compel their employees to testify at trial"); *see also STX, Inc. v. Trik*

9  *Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1998).  At the same time, in his opposition to the

10  pending motion plaintiff fails to specifically identify any particular witnesses who would be

11  inconvenienced by the transfer or describe the content and relevance of their testimony.  *See*

12  *Williams*, 2013 WL 211246.

13      Accordingly, to the extent that the court considers the "convenience to witnesses" factor at

14  this pre-certification stage of the litigation, the court concludes this factor weighs slightly in favor

15  of transfer.

16          4.  Ease of Access to Evidence

17      In some cases access to evidence is another factor that may favor transfer.  *See Decker*

18  *Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Gulf Oil Co. v.*

19  *Gilbert*, 330 U.S. 501, 508 (1947)).  However, the ease of access to evidence is "is not a

20  predominate concern in deciding venue as advances in technology have made it easy for

21  documents to be transferred to different locations."  *Hawkins*, 924 F. Supp. 2d at 1214–15 (citing

22  *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1148 (C.D. Cal. 2009)).

23      Defendant contends that transfer will allow greater ease of access to evidence, because

24  defendant's time, payroll, corporate, and employment records are physically located at its

25  Phoenix headquarters. (Doc. No. 8-1 at 17–18.)  Plaintiff argues that transfer would not allow

26  greater ease of access to evidence because defendant keeps certain employment records in

27  California and, in any event, maintains electronic copies of its records.  (Doc. No. 9 at 21–22.)

28  /////

1    Both parties agree that defendant maintains its records in electronic form.  (Doc. Nos. 8-1
2    at 17; 9 at 21–22.)  "Therefore, any difficulties in accessing the evidence must be more significant
3    than those that can be overcome by the availability of electronic data transfer."  *May v. Haas*, No.
4    2:12–cv–01791–MCE–DAD, 2013 WL 4010293, at *7 (E.D. Cal. Aug. 5, 2013).  Here, however,
5    neither party specifically identifies any documentary evidence that is only available in hard copy,
6    or explains what hardship they would suffer by transporting or producing these documents to a
7    different district than where they are stored.  *See Wilson v. Walgreen Co.*, No. C-11-2930 EMC,
8    2011 WL 4345079, at *2 (N.D. Cal. Sept. 14, 2011) (explaining that even where the evidence is
9    stored in hard copy form, courts may look to whether transporting or producing the documents
10   would impose "significant hardship").  This factor is therefore neutral with respect to the question
11   of whether transfer of the action is appropriate.

12   ## B.    Public Factors

13   As noted above, the court must consider public factors when considering a motion to
14   transfer, including the relative degree of court congestion and the local interest in having
15   localized controversies decided at home.  *See Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d 696,
16   703 (9th Cir. 1995); *Decker Coal Co.*, 805 F.2d at 843; *see also Piper Aircraft v. Reyno*, 454 U.S.
17   235, 255 (1981).

18   Defendant argues that public factors weigh in favor of transfer here, because the Eastern
19   District of California is a more congested court than the District of Arizona, and has minimal
20   local interest in enforcing employment policies on Arizona employers whose employees primarily
21   work outside of California.  (Doc. No. 8-1 at 20–21.)  Meanwhile, plaintiff argues that the Eastern
22   District of California is capable of efficiently and judicially resolving this matter notwithstanding
23   judicial congestion.  (Doc. No. 9 at 31–32.)  Plaintiff also contends that there is a local interest in
24   having the controversy resolved here because all of the alleged harm occurred in California;
25   California has an interest in the outcome of plaintiff's PAGA claims; and California public policy
26   favors resolving California employment claims within the state.  (*Id.* at 22–29.)

27   Defendant is correct that this court labors under a heavy caseload.  The Eastern District of
28   California "has consistently carried one of the highest weighted caseloads per judge in the nation,

1   in the face of population and caseload increases without a corresponding increase in judgeships."

2   *Shields*, 2015 WL 5436772, at \*4; *see also Parker v. FedEx Nat., Inc.*, No. 10–cv–1357, 2010

3   WL 5113809, at \*4 (E.D. Cal. Dec. 9, 2010).  Consideration of this factor therefore weighs in

4   favor of transfer, "although it is by no means dispositive."  *Shields*, 2015 WL 5436772, at \*4.

5            The court also finds that both California and Arizona have an interest in the action.

6   Arizona is interested because it is the location of defendant's corporate headquarters and the place

7   where decisions pertaining to defendant's employment policies at issue in this case were made.

8   Meanwhile, California has an interest in resolving controversies pertaining to its state

9   employment law, and in protecting the rights of any putative California class members.  The court

10  ultimately concludes that this factor is neutral with respect to transfer.

11          **C.      Balance of Factors**

12          Consideration of all the relevant factors presents quite a close question in this case.

13  Nonetheless, when considered together, the court concludes that the balance of the factors

14  described above weighs against transfer of this action to the District of Arizona.  Plaintiff has

15  chosen to litigate this action in the Eastern District of California; brings California law claims

16  based on factual allegations that took place within California; and seeks to represent a class of

17  employees who worked within the state.  In light of these factors, the court is not persuaded that

18  considerations of witness convenience or ease of evidentiary access justify the transfer of this

19  action.  *See, e.g.*, *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1366 (N.D. Cal. 2007)

20  ("In sum, while certain factors favor transfer, others do not. Defendants have not carried their

21  burden to justify a transfer.").  Accordingly, defendant's motion to change venue will be denied.

22                                      **CONCLUSION**

23          For the reasons discussed above, defendant's motion to change venue (Doc. No. 8) is

24  denied.

25  IT IS SO ORDERED.

26      Dated:   **June 23, 2017**            _____

27                                      UNITED STATES DISTRICT JUDGE

28

                                             13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28