UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARTINEZ, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC. dba ARIZONA KNIGHT TRANSPORTATION, INC.,<br><br>Defendant. | No. 1:16-cv-01730-SKO<br><br>**ORDER RE:SUPPLEMENTAL BRIEFING DIRECTED TO PLAINTIFF'S RENEWED PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONTINUING HEARING**<br><br>(Doc. 80) |

This matter is before the court on Plaintiff's renewed motion for preliminary approval of a class action settlement and conditional certification of settlement class filed on January 30, 2023. (Doc. 80.)  The motion is unopposed (*see* Docket), and is currently set for hearing on March 8, 2023.

After having reviewed Plaintiff's renewed motion and supporting papers, the Court finds that while Plaintiff has allayed its previously expressed concerns (*see* Doc. 79), he does not address another aspect of the settlement that now stands in the way of its preliminary approval: the scope of the class release.

1

Under the parties' "Stipulation of Class and PAGA Representative Action Settlement and Release" (the "Settlement Agreement"), "Released Claims" are defined as:

> claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, interest, attorneys' fees, damages, action or causes of action under state *[sic]* including: (1) failure to provide timely duty-free meal periods in violation of California Labor Code sections 512, 516, 226.7 and Section 11 of IWC Wage Order No. 9; (2) failure to pay separately and hourly for non-driving time and rest breaks in violation of California Labor Code sections 1194, 1194.2 and 226.2; (3) failure to authorize and permit paid rest breaks and pay missed rest break premiums in violation of California Labor Code sections 226.7, 516 and Section 12 of IWC Wage Order No. 12; (4) failure to timely furnish accurate itemized wage statements in violation of Labor Code sections 226, 226.2, and Section 5 of IWC Wage Order No. 9-2001; (5) failure to pay wages upon separation in violation of California Labor Code sections 201-203; (6) unfair competition for all possible claims listed above under California Business and Professions Code sections 17200 et. seq. and (7) a PAGA cause of action for all possible claims listed above and all other civil penalty claims under California Labor Code sections 226.3, 226.7, 512, 558, 1174, 1174.5 (California Labor Code section 2698, et al.) [] The release of the foregoing claims and definition of Released Claims, extends to all theories of relief regardless of whether the claim is, was or could have been alleged as separate claims, causes of action, lawsuits or based on other theories of relief, whether under California law, federal law, any state law or common law (including, without limitation, as violations of the California Labor Code, the Wage Orders, applicable regulations, California's Business and Professions Code section 17200, any and all claim *[sic]* under the Fair Labor Standards Act based on the factual allegations in the Complaint and any benefits under any benefit plan, program or policy sponsored or maintained by the Company, including, but not limited to the Employee Retirement Income Security Act, 29 U.S.C. §1001, et seq., but not vested benefits under any pension or 401(k) plan or other ERISA-governed benefit plan. "Released Claims" includes all types of relief available for the above-referenced claims, including any claims for damages, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive relief, declaratory relief, or liquidated damages. In addition, each member of the Class who does not submit a valid request for exclusion forever agrees that he or she will not institute any action, nor accept back liquidated damages, punitive damages, penalties of any nature (other than the PAGA Released Claims), attorneys' fees and costs, or any other relief from any other suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against Knight, for the Settlement Class Period for the claims being released herein.

(Doc. 80-2 at 23–24.)

At first blush, the scope of the class release is overly broad. It releases all "claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, interest, attorneys' fees, damages,

action or causes of action under state [law]" regardless of whether they are related to the allegations in the complaint, which the Ninth Circuit has held is inappropriate. *See Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) ("A settlement agreement may preclude a party from bringing a related claim in the future even though the claim was not presented and might not have been presentable in the class action, but ***only*** where the released claim is based on the identical factual predicate as that underlying the claims in the settled class action.") (citations and internal quotation marks omitted) (emphasis added). *See also McKeen–Chaplin v. Franklin Am. Mortgage Co.*, No. 10–cv–05243 SBA, 2012 WL 6629608 (N.D. Cal. Dec. 19, 2012) (denying preliminary approval where release provision would release claims unrelated to facts in the complaint); *Bond v. Ferguson Enters., Inc.*, No. 1:09-cv-01662 OWW MJS, 2011 WL 284962, 2011 WL 284962, at *7 (E.D. Cal. Jan. 25, 2011) (noting that the proposed release was overbroad because it did "not appropriately track the extent and breadth of Plaintiffs' allegations in this case and releases unrelated claims of any kind or nature that class members may have against defendants").

On one hand, such a sweeping class release provision could be an oversight[1]; on the other, it could be that the parties believe that use of the term "including" somehow serves as an appropriate limitation on the scope of the class release.[2] In the absence of any discussion in Plaintiff's renewed briefing, the parties' intent is unclear. Accordingly, Plaintiff is ORDERED to file a supplemental

---

[1] Curiously, other aspects of the class release appropriately limit certain released claims only to those based on the facts alleged in the complaint (*see, e.g.*, Doc. 80-2 at 23 (releasing "any and all claim [sic] under the Fair Labor Standards Act ***based on the factual allegations in the Complaint.***") (emphasis added); *id.* at 24 (releasing all PAGA claims "predicated upon any Labor Code violations of the PAGA in the Action, including, but not limited to all possible California Labor Code Claims listed in the Complaint or that could have been listed in the Action ***based on the factual and/or legal allegations therein.***") (emphasis added)). *See Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 303 (E.D. Cal. 2011) (finding adequate a release that was limited to "the Covered Claims based on the facts alleged in the Second Amended Complaint [ ] filed in the Lawsuit"); *see also id.* (noting that the released claims "appropriately track the breadth of Plaintiffs' allegations in the action and the settlement does not release unrelated claims that class members may have against defendants").

[2] If so, the Court is skeptical. Even with the term "including," without tying the released claims to the complaint's factual allegations, the class release captures any type of wage, compensation, and inaccurate wage statement claim even if totally unrelated to the specific allegations made in the complaint. Such a release has been deemed impermissibly broad. *See, e.g., Stokes v. Interline Brands, Inc.,* No. 12-CV-05527-JD, 2014 WL 5826335, at *4 (N.D. Cal. Nov. 10, 2014). *See also Kempen v. Matheson Tri-Gas, Inc.*, No. 15-cv-00660-HSG, 2016 WL 4073336, at *9 (N.D. Cal. Aug. 1, 2016) ("Courts in this district routinely reject proposed class action settlement agreements that try to release all claims in a wage-and-hour case relating to compensation as overbroad and improper."); *Ambrosino v. Home Depot U.S.A., Inc.*, Civil No. 11cv1319 L(MDD), 2014 WL 1671489, at *2 (S.D. Cal. Apr. 28, 2014) ("Courts have found that overly broad release provisions, which release a Defendant from all claims to settle their wage claims, including claims that are unrelated to the claims asserted in the complaint, are improper in FLSA and class action settlements.") (collecting cases).

brief setting forth either (a) a proposed amendment(s) to the definition of "Released Claims" in the Settlement Agreement that conforms with case authority cited herein; or (b) the parties' intent to stand on their current definition of "Released Claims," notwithstanding its breadth, that is supported by case authority from the Ninth Circuit or, if none, district courts within the Ninth Circuit.

Plaintiff SHALL file his supplemental brief **by no later than March 15, 2023**.  To allow for the submission Plaintiff's supplemental briefing, the hearing on Plaintiff's renewed motion for preliminary approval of a class action settlement and conditional certification of settlement class (Doc. 80) is **CONTINUED to March 29, 2023**.

IT IS SO ORDERED.

Dated:   **February 17, 2023**              /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE

4